▮ In the Matter of DEPARTMENT OF SOCIAL SERVICES, on Behalf of NORINE EDGECOMBE, Respondent, v CHARLIE E. GILBERT, JR., Appellant. [651 NYS2d 129] —In a child support proceeding pursuant to Family Court Act article 4, the stepfather appeals (1) as limited by his notice of appeal and brief, from so much of an order of the Family Court, Putnam County (Winslow, H.E.), dated April 11, 1996, as granted his motion to vacate an order of support of the same court dated July 25, 1995, only to the extent of terminating his support obligation as of the date of the judgment of the Supreme Court, Putnam County, dated February 23, 1996, which annulled his marriage to Norine Edgecombe, and (2) from an order of the same court (Sweeny, J.), dated May 1, 1996, which denied his objection to so much of the order as failed to make the termination retroactive to the date of filing of the petition for support.

Ordered that the orders are affirmed, without costs.

Although not specifically stated in either the judgment of annulment, the findings of fact, or the conclusions of law in

the matrimonial action between the appellant and Norine Edgecombe, it is clear from the trial court's findings of fact therein that their marriage was annulled because of Edgecombe's fraud. Pursuant to Domestic Relations Law § 7, the marriage was only voidable and the annulment was only prospective in nature (*see, Gaines v Jacobsen,* 308 NY 218). Therefore, it was proper for the court to relieve the appellant from his support obligation to his ex-wife and his stepchildren of that marriage only prospectively, that is, from the date of the annulment of that marriage, and not, as the appellant contends, from the date of the commencement of the support proceeding.

We have examined the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.